[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10552
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00227-SLB-RRA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON TERRELL FORREST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 4, 2011)

Before CARNES, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Brandon Forrest appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Forrest argues that

the district court incorrectly held that the government did not have to prove that he possessed the specific gun listed in the indictment, but only had to prove that he possessed a gun, and that the district court improperly ruled that Congress did not intend for the possession of a particular firearm to be an element of a 18 U.S.C. § 922(g)(1) violation. After careful review, we affirm.

The applicable standard of review is unclear given Forrest's argument and the trial record, because the district court ruled in a manner consistent with Forrest's argument on appeal. To the extent that Forrest's argument is purely a legal one regarding the indictment or the resulting jury instruction on the indictment, however, we review de novo whether the district court's jury instructions created a constructive amendment to the defendant's indictment. See United States v. Williams, 527 F.3d 1235, 1246 n.8 (11th Cir. 2008). A constructive amendment occurs where the jury instructions so modify the essential elements of the offense charged that the potential bases for conviction fall beyond what the indictment alleged. United States v. Starke, 62 F.3d 1374, 1380 (11th Cir. 1995); United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990). We "analyze jury instructions in the context of the evidence presented and the government's theory at trial to determine whether a constructive amendment to the indictment has occurred." Williams, 527 F.3d at 1247.

In addition, we review the legal correctness of a jury instruction de novo, but defer to the district court on questions of phrasing absent an abuse of discretion. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). "Generally, district courts have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts, and we will not reverse a conviction on the basis of a jury charge unless the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process." Id. (quotation omitted).[1]

To establish a violation of 18 U.S.C. § 922(g)(1), the government must prove three elements: "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000).

Here, the district court correctly ruled and instructed the jury that the government had to prove that Forrest knowingly possessed the firearm specified in the indictment charging him with a violation of 18 U.S.C. § 922(g)(1). The jury

---

[1] To the extent that Forrest argues that the jury's verdict was not supported by substantial evidence, Forrest has failed to clearly indicate this argument on appeal. According to our precedent, "a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue -- even if properly preserved at trial -- will be considered abandoned." United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

instructions corresponded to the evidence presented and the government's theory at trial.  Indeed, both the district court and the government agreed with Forrest that the government had to prove that Forrest possessed the gun listed in the indictment. Accordingly, we can find no adverse ruling to review, and affirm.

**AFFIRMED.**